**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10295 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-0082-DCB-JJM-1 |
| v. | |
| FRANKLIN LLOYD ANTONE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted September 1, 2010
San Francisco, California

Before: B. FLETCHER, TALLMAN and RAWLINSON, Circuit Judges.

A jury convicted Appellant Franklin Lloyd Antone (Antone) of abusive

sexual contact for touching his step-granddaughter R.R.'s genitals while she was

asleep. Antone appeals the district court's rulings on an asserted *Miranda*

violation, the voluntariness of his statements to Detective Aaron Brown, the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

exclusion of expert testimony related to false confessions, and the admission of "other acts" evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's judgment.

**1.** The district court committed no error when it denied Antone's motion to suppress his statements. There was no *Miranda* violation because Antone was not in custody when he was questioned by Detective Brown. Antone voluntarily came to the police station at the date and time he chose, was told that he was free to leave at any time and would not be arrested that day, and was questioned in a cordial manner. Considering the totality of circumstances, Antone's freedom of movement was not restrained to the degree associated with a formal arrest. *See United States v. Norris*, 428 F.3d 907, 912 (9th Cir. 2005).

**2.** The district court suppressed a portion of Antone's statements to Detective Brown. Antone argues, however, that his statements made at an earlier point in the interrogation should have been suppressed. Prior to the statements that were suppressed, there was no clear promise of leniency or other coercive tactics that may have overborne Antone's will. *See United States v. Harrison*, 34 F.3d

886, 891 (9th Cir. 1994). Therefore, the district court did not err when it declined to suppress a greater portion of Antone's statements.

**3.** Although the expert testimony regarding false confessions met the *Daubert* reliability test, the district court excluded the testimony because of the danger that it would usurp the jury's function of resolving the relative credibility of the witnesses. The district court's decision to exclude the expert testimony was squarely within its discretion. *See Boyd v. City and County of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009).

**4.** After conducting a balancing test under Federal Rule of Evidence 403 and considering the factors in *United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001), the district court acted within its discretion in admitting "other acts" evidence under Federal Rule of Evidence 413. Based on the similarity of the acts, evidence of other violations, a lack of intervening circumstances, and the necessity of the evidence beyond the testimonies already offered at trial, the district court acted within its discretion when it decided to admit the "other acts" evidence. *See id.* at 1030.

**AFFIRMED.**